**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **INTERMED RESOURCES TN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:22-CV-00850** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **CAMBER SPINE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

**PLAINTIFF, INTERMED RESOURCES TN, LLC'S, MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

---

**I.**
**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff, Intermed Resources TN, LLC, submits that the procedural history of this matter is critical in order for the Court to understand the issues involved. *Camber Spine Technologies v. Intermed Resources, TN LLC, 2:22-cv-03648* was the first action filed between the parties in the Court of Common Pleas at Montgomery County, PA, *Case No. 2022-15784-0* on August 16, 2022. This action against Camber Spine, LLC was originally filed in Williamson County on September 19, 2022. Defendant, Intermed, filed its Notice of Removal to the United States District Court for the Eastern District of Pennsylvania on September 13, 2022. On September 20, 2022 Defendant, Intermed, filed its Motion to Dismiss for Failure to Identify Real Party in Interest and for Lack of Personal Jurisdiction over Defendant and Motion to Transfer Venue under 28 U.S.C.A. §§1104 and 1406. On October 19, 2022 Plaintiff, Camber Spine Technologies, filed its Response to Defendant, Intermed's, Motion. On October 31, 2022 Defendant Intermed, filed a Reply to Plaintiff, Camber Spine's, Response to Defendant, Intermed's, Motion to Dismiss.

Plaintiff, Intermed, filed its Tennessee action on September 19, 2022 in the Williamson County Chancery Court against Camber Spine, LLC. Defendant, Camber Spine, LLC, filed a Notice of Removal to this Court on October 18, 2022. Camber Spine Technologies is not a party to this action.

Camber Spine, LLC argues that Plaintiff, Intermed, is forum shopping as a basis to stay, or transfer the case to the Eastern District of Pennsylvania. To the contrary, Plaintiff, Intermed, filed its Complaint in the state court in Tennessee because that Court has jurisdiction over the parties, all business between the parties was conducted in Tennessee, Defendant, Camber Spine, LLC, solicited the Plaintiff's business, almost all witnesses are located in Tennessee, and no necessary material witnesses are located in Pennsylvania. Tennessee is the proper forum for this action to be decided.

The movant has correctly cited the applicable law in this matter with respect to the first-to-file rule. The Plaintiff's argument to transfer fails because it involves different parties. Plaintiff, Intermed, has sued Camber Spine, LLC  in this Court while the Pennsylvania case involves a purported entity named or referred to as Camber Spine Technologies. These are separate entities. Therefore, two of the three elements required to be proven in order to trigger the first-to-file rule are missing. In deciding whether to apply the first-to-file rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues of claims at stake." *Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016).* The Defendant's motion should be denied because the Pennsylvania litigation and the Tennessee litigation involve wholly separate entities and claims. As a result, two of the three elements cannot be established as required in *Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016).*

However, the decision as to whether to apply the first-to-file rule is within the discretion of the District Court, and the Court should "disperse with the first-to-file rule where equity so demands." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 F. App'x 433, 437 (6th Cir. 2001).* In this instance, Plaintiff, Intermed, filed suit in state court in Tennessee for money owed to it by Defendant, Camber Spine, LLC, because Camber Spine, LLC approached it, solicited it, and breached the contract here in Tennessee. As set forth in greater detail, Pennsylvania does not have jurisdiction over this matter and Plaintiff, Intermed, has filed a motion to Dismiss or Transfer the matter to Tennessee in the Pennsylvania district court which is currently pending.

## II.
## FACTUAL BACKGROUND

Intermed Resources TN, LLC ("Intermed") is a Tennessee limited liability company that markets medical equipment and lab services in Tennessee, Florida, Texas, New Mexico, and states other than Pennsylvania. Intermed works closely with Group Purchasing Organizations (GPOs) such as Tennessee-based HealthTrust.  See Declaration of Roger Biles attached as Exhibit "A."

Plaintiff Camber Spine Technologies ("CST") allegedly produces certain medical equipment. CST is not a party to the Exclusive Representative Agreement dated July 16, 2018, ("Agreement") attached to the Complaint. Rather, Camber Spine, LLC ("CSL") is the party identified in the Agreement.  CSL's Chief Operating Officer, Paul Sendro, aggressively solicited Intermed in Tennessee to market its products to HealthTrust and the hospitals in the territory served by HealthTrust and Intermed.  HealthTrust is a subsidiary of HCA HealthCare, a Tennessee corporation, which serves Alaska, California, Colorado, Florida, Georgia, Idaho, Indiana, Kansas, Kentucky, Louisiana, Missouri, Nevada, New Hampshire, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia but not Pennsylvania. See Exhibit "A."

3

Plaintiff CST sued (the "Complaint") Intermed for breach of contract in the Court of Common Pleas of Montgomery County, Pennsylvania.  Based on diversity jurisdiction, Intermed removed the matter to the District Court for the Eastern District of Pennsylvania, reserving its right to challenge the exercise of personal jurisdiction and to move to transfer venue and other defenses.

Neither Intermed nor HealthTrust sell or market any products in Pennsylvania.  See Exhibit "A." Paragraph 5 of the Complaint states, "Camber designs, develops, manufactures, distributes and sells Spinal Products, implants and related accessories [   ] across the country." (emphasis added).

CSL's solicitations of Intermed in Tennessee resulted in the Agreement.  The Agreement "**INTENTIONALLY LEFT BLANK**" the paragraph 24 "Venue & Governing Law" clause. (emphasis in original). Schedule B of the Agreement is titled "Territory, Markets /or Customers" and reads "HealthTrust GPO and All Associated IDN's, 155 Franklin Road, Suite 400, Brentwood, TN 37607."

The Complaint alleges that Intermed failed to forward or collect payments from certain "Named Hospitals" for Camber products.  The hospitals named in paragraph 14 of the Complaint are located in Tennessee (three hospitals), in Texas (two), in Florida (three), in New Mexico (one), and in Louisiana (one).  The ten named hospitals purchase their medical products through HealthTrust.

Intermed has filed a complaint against CSL in Tennessee for breach of the Agreement in this case. See Exhibit "B."

### III.
### QUESTIONS OF LAW

A.   Do Pennsylvania courts or Federal courts within the borders of Pennsylvania have personal jurisdiction over Intermed?  **PROPOSED ANSWER: NO**

B.  If yes, is a Federal Court in Pennsylvania the proper forum for adjudication of the issues raised in the Complaint? **PROPOSED ANSWER: NO.**

C.  Should this matter be transferred to a Tennessee forum? **PROPOSED ANSWER: YES**

D.  Should this matter be dismissed as Plaintiff is not a party to the Agreement upon which the action is based? **PROPOSED ANSWER: YES**

**IV.**
**SUMMARY ANSWERS**

A.  Intermed has no contact with Pennsylvania.  CSL solicited Intermed in Tennessee to gain access to its marketing territory in states other than Pennsylvania.  Intermed and HealthTrust are located in Tennessee.  They sell health care products in southern and western states other than Pennsylvania.  To do business with Intermed and HealthTrust, CSL <u>intentionally left blank</u> the forum selection clause of its Agreement.  The Territory, Markets, and Customers defined in Schedule B of the Agreement refer to "HealthTrust GPO and All Associated IDN's" and to HealthTrust's Tennessee address.  Absent even *de minimis* contacts with Pennsylvania, there is no basis for *in personam* jurisdiction over Intermed under Pennsylvania's long-arm statute or Federal law.

B.  Plaintiff claims to be a national company.  Intermed is a regional company based in Tennessee.  CSL solicited Intermed to gain access to territory and customers outside Pennsylvania.  All of Plaintiff's claimed damages relate to alleged sales to hospitals in Tennessee, Florida, Texas, New Mexico, and Louisiana.  All non-party witnesses would be located in Tennessee or the other four states.  All Intermed witnesses are in Tennessee.  All records for sales, negotiations, and communications lie in Tennessee except perhaps some generated by Plaintiff**.**  Intermed has filed a complaint for breach

of the Agreement in Tennessee.  The absence of any relevant activity or contacts  in Pennsylvania and overriding presence of such activity and contacts in Tennessee confirm that a Court in Pennsylvania is not the proper forum for adjudicating this matter. The overwhelming majority of party and non-party witnesses reside in Tennessee or territory outside of Pennsylvania close to Tennessee.  The overwhelming majority of relevant records, documents, communications, invoices, and other evidence reside in Tennessee. The doctrine of *forum non conveniens* demands that the Pennsylvania be transferred to the United States District Court for the Middle District of Tennessee.  So, too, does judicial efficiency with respect to the consolidation of lawsuits; the balancing of public and private interests; the ease of access to evidence and witnesses; and the interests of justice.

C. The Complaint includes a written Agreement identifying Camber Spine, LLC and Intermed Resources TN, LLC as its parties. The Agreement does not refer to Plaintiff Camber Spine Technologies. Since the named Plaintiff is not a party to the Agreement, Plaintiff cannot assert a claim for breach of the Agreement.

**V.**
**<u>DISCUSSION</u>**

**A. Pennsylvania state courts and Federal courts respectfully do not have personal jurisdiction over Intermed.**

Intermed is a Tennessee limited liability corporation with no offices, representatives, or sales in Pennsylvania.  The only way for Pennsylvania to have jurisdiction over Intermed would be through Pennsylvania's long-arm statute, 42 Pa.C.S.A. §5322, which states:

> **(a) General rule.--**A tribunal of this Commonwealth may exercise personal jurisdiction over a person  … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth.

(6)    (i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as The Insurance Department Act of 1921.1

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

(i) Personal representative of a decedent.

(ii) Guardian of a minor or incapacitated person.

(iii) Trustee or other fiduciary.

(iv) Director or officer of a corporation.

(8) Executing any bond of any of the persons specified in paragraph (7).

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

**(b) Exercise of full constitutional power over nonresidents.--**In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**(c) Scope of jurisdiction.--**When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

**(d) Service outside this Commonwealth.--**When the exercise of personal jurisdiction is authorized by this section, service of process may be made outside this Commonwealth.

**(e) Inconvenient forum.--**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

Federal Rule 4(k)(1)(A) states that a Federal court will have personal jurisdiction if the long-arm statute of the state in which it sits would give the state court jurisdiction. Intermed does not conduct business in Pennsylvania; does not have an office, representative, agent, or license in Pennsylvania; never acted in, or visited, Pennsylvania; does not supply products to anyone in Pennsylvania; and did not agree under the Agreement to a Pennsylvania forum or application of Pennsylvania law.

Intermed's only attenuated contact with Pennsylvania arises under the Agreement with CSL. However, the Agreement pertained only to business outside Pennsylvania. CSL aggressively solicited Intermed in Tennessee to gain contact with group purchasing organization HealthTrust, another Tennessee corporation, and thereby sell its products in Tennessee and states other than Pennsylvania. HealthTrust serves Alaska, California, Colorado, Florida, Georgia, Idaho, Indiana, Kansas, Kentucky, Louisiana, Missouri, Nevada, New Hampshire, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia but not Pennsylvania.

There is strong disagreement between the parties as to who caused harm to whom. CST's allegations do not prove that Intermed "[c]aus[ed] harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." In fact, the Complaint refers only to alleged damages from purported breaches of the Agreement in connection with customers far from Pennsylvania.

As stated by the Pennsylvania Commonwealth Court, a mere contract does not create sufficient contacts with the Commonwelth by itself to create personal jurisdiction:

> The power of a court to exercise jurisdiction over a non-resident must: (1) be conferred by the Pennsylvania Long–Arm Statute and (2) must meet the constitutional standards of due process. Hewitt v. Eichelmans's Subaru, Inc., 341 Pa. Super. 589, 492 A.2d 23 (1985). The reach of the Long–Arm statute is co-extensive with that permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. Koenig v. International Brotherhood of Boilermakers, 284 Pa. Super. 558, 426 A.2d 635 (1980).
> When a cause of action arises from the forum-related activities of the defendants, the constitutional analysis requires that the defendants have sufficient minimum contacts with the forum state to provide them with a reasonable anticipation of being hauled into court. United Farm Bureau Mutual Insurance Co. v. United States Fidelity and Guaranty Co., 501 Pa. 646, 462 A.2d 1300 (1983). For example, if a defendant in one state reached out and created a continuing contractual obligation with a resident of the forum state, then that defendant may be subject to regulation by the forum state. Crown–Globe, Inc. v. Grenoble Mills, Inc., 406 Pa. Super. 134, 593 A.2d 906 (1991). While an out-of-state party's contract with a resident of the forum state in and of itself is not sufficient to establish the requisite minimum contacts, the negotiations leading up to the contract, the future consequences of the contract, and the actual course of dealing of the parties during the contract may amount to purposeful availment of the privilege of conducting activities within the forum state, and thus, justify the exercise of jurisdiction over the contracting party. Kenneth H. Oaks, Ltd. v. Josephson, 390 Pa. Super. 103, 568 A.2d 215 (1989).

Maleski by Taylor v. DP Realty Trust, 653 A.2d 54, 61-62 (Pa. Cmwlth. 1994). In the instant matter, CSL reached out to Intermed in Tennessee to conduct business outside Pennsylvania.

The Pennsylvania Supreme Court recently ruled that 42 Pa.C.S.A. §5301 (Persons) (the statute that defines which relationships with a non-Pennsylvania citizen establish general personal jurisdiction) is unconstitutional. See Mallory v. Norfolk Southern Railway Co., 266 A.3d 542 (Pa. Supreme 2021), cert. granted, 142 S.Ct. 2646 (2022), which decision stated:

> Based on the United States Supreme Court's decision in Daimler AG v. Bauman, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), and its predecessor Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011), we agree with the trial court that our statutory scheme violates due process to the extent that it allows for general jurisdiction over foreign corporations, absent affiliations within the state that are so continuous and systematic as to render the foreign corporation essentially at home in Pennsylvania. We further agree that compliance with Pennsylvania's mandatory registration requirement does not constitute voluntary consent to general personal jurisdiction. Accordingly, we affirm the trial court's order, which sustained the foreign

corporation's preliminary objections and dismissed the action with prejudice for lack of personal jurisdiction.

*Id.*, 266 A.3d at 547 (emphasis added).  Intermed has no contacts with Pennsylvania outside of the Agreement procured in Tennessee at the behest of CSL, let alone continuous and systematic contacts that would create general jurisdiction.

Jurisdictional analysis then requires a determination of whether Pennsylvania has specific jurisdiction over Intermed.  As stated by the United States District Court for the Middle District of Pennsylvania:

> Specific jurisdiction, *per contra*, allows the court to hear claims arising out of or relating to the defendant's purposeful contacts with the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A federal court may also exercise personal jurisdiction over a defendant who consents to the jurisdiction of the court, which has "long [been] upheld as constitutional." Gorton v. Air & Liquid Sys. Corp., 303 F.Supp.3d 278, 295 (M.D. Pa. 2018) (quoting Bane v. Netlink, Inc., 925 F.2d 637, 641 (3d Cir. 1991) ).

Novinger's, Inc. v. A.J.D. Construction Co., Inc., 376 F.Supp.3d 445, 451 (M.D.Pa. 2019).  Intermed did not consent to the jurisdiction of a court in the Commonwealth, did not register with the Pennsylvania Department of State, does not conduct business within Pennsylvania, and does not have an agent or representative in Pennsylvania. See Exhibit "A."

As explained by the Middle District Court:

> Specific jurisdiction requires three elements: (1) the party purposefully directed its activities at the forum; (2) the cause of action arose out of or relates to at least one of those activities; and (3) if the first two parts of the test are met, the court may consider whether the exercise of jurisdiction comports with notions of fair play and substantial justice. See O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citation omitted). A district court must consider the totality of the circumstances when determining personal jurisdiction for a breach of contract. Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) (citation omitted). The mere formation of a contract, without more, does not constitute sufficient minimum contacts between an out-of-state defendant and the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Instead, the court must examine the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, and the course of dealing between the parties when determining if minimum contacts exist. Id. at 479, 105

10

S.Ct. 2174. Courts should ask whether the defendant's contacts with the forum were "instrumental in either the formation of the contract or its breach." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999) ).

Id. at 451-52. See Penco Products, Inc. v. WEC Manufacturing, LLC, 974 F.Supp.2d 740 (E.D.Pa. 2013), in which the United States District Court for the Eastern District of Pennsylvania stated:

> Merely entering into a contract with a resident of a forum is not always sufficient to establish personal jurisdiction over the defendant. When analyzing minimum contacts in a contract case, courts consider the totality of the circumstances, including which party initiated the business relationship, the location and character of the contract negotiations, the terms of the contract, the contemplated future consequences, and the parties' actual course of dealing.

Id. at 749.

CSL solicited Intermed in Tennessee.  Outside the Agreement, Intermed has zero contacts with Pennsylvania and no office, representative, agent, or sales in Pennsylvania.  Intermed personnel never traveled to Pennsylvania and never marketed or sold products in Pennsylvania. Moreover, acknowledging Intermed's lack of contacts with Pennsylvania, the Agreement "**INTENTIONALLY**" leaves blank the "Venue and Governing Law" clause. (emphasis in original). Accordingly, Pennsylvania and, respectfully, this Court do not have general or specific jurisdiction over Intermed.

All events at issue occurred in Tennessee or states other than Pennsylvania.  The totality of the circumstances dictates that Pennsylvania and Federal Courts within its borders do not have personal jurisdiction over Intermed.

**B. This Court has a direct connection to the issues set forth in CST's Complaint and that matter should be transferred to the Middle District of Tennessee.**

28 U.S.C.A. §1391 (Venue generally) addresses whether a Federal District Court is the proper venue for suits against companies outside their district, in pertinent part as follows:

**(b) Venue in general.**--A civil action may be brought in--

(**1**) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(**2**) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated</u>; or

(**3**) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) **Residency.**--For all venue purposes—…

(2) <u>an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question</u> and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

(d) **Residency of corporations in States with multiple districts.**--For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

(emphasis added).   Intermed is the only defendant and resides in Tennessee.  The "substantial part of the [alleged] events or omissions giving rise to [Plaintiff's] claim" all occurred in Tennessee or in states other than Pennsylvania in the territory of HealthTrust or Intermed.

The United States Supreme Court has stated that forum selection clauses of contracts should be given deference.  <u>See</u> <u>Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for West. Distr. Of Texas</u>, 571 U.S. 49, 59-60, 134 S.Ct. 568, 579, 187 L.Ed.2d 487 (2013).  It is telling that the Agreement "**INTENTIONALLY LEFT BLANK**" the "Venue & Governing Law" clause.  Such intention evidences the parties' acknowledgment that Pennsylvania, where CSL, scrivener of the Agreement, resides, is not the proper forum for this contract dispute.

In determining the proper forum in a breach of contract action, the United States Court of Appeals for the Third Circuit established a forum transfer standard in <u>In Re: Howmedica Osteonics Corp.</u>, 867 F.3d 390 (3rd Cir. 2017), by:

prescrib[ing] a four-step inquiry in which the reviewing court, whether the District Court in the first instance, or this Court on appeal, will consider in sequence: (1) the forum-selection clauses, (2) the private and public interests relevant to non-contracting parties, (3) threshold issues related to severance, and (4) which transfer decision most promotes efficiency while minimizing prejudice to non-contracting parties' private interests.

*Id*., 867 F.3d at 403-04.

The United States District Court for the Middle District of Pennsylvania stated in more detail:

In determining whether a change in venue would be in the interest of justice, courts balance the private and public interests by considering: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their physical and financial condition; (5) the convenience of the witnesses to the extent of their unavailability for trial in one of the fora; (6) the location of documents and other evidence; (7) the enforceability of the judgment; (8) practical considerations regarding trial; (9) relative administrative difficulty in the two fora due to court congestion; (10) the interest in deciding local controversies; (11) the public policies of the two fora; and (12) in diversity cases, the court's familiarity with the applicable state law.

Novinger's, Inc., *supra*, 376 F.Supp.3d at 454; see also Weber v. Basic Comfort Inc., 285 F.Supp.3d 283, 285 (E.D.Pa. 2001).

28 U.S.C.A. §1404 addresses "Change of venue" and provides in pertinent part as follows:

**(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
**(b)** Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.
**(c)** A district court may order any civil action to be tried at any place within the division in which it is pending.

This statute and decisions citing it state that a District Court may transfer a civil matter to any other district or division where the case might have been brought in the interest of justice, for the convenience of parties and witnesses.  Examination of all factors, including the Complaint,

indicates that a Federal District Court in Pennsylvania is not the proper forum for this matter and, rather, that the United States District Court for the Middle District of Tennessee is the proper forum.

Paragraph 5 of CST's Complaint asserts that Plaintiff is a national company: "Camber designs, develops, manufacture, distributes and sells Spinal Products, implants and related accessories [ ] across the country." (emphasis added). In contrast, Intermed is a regional company headquartered in Tennessee which markets health care products primarily through General Purchasing Organization HealthTrust, another Tennessee company. HealthTrust's web site lists nineteen states other than Pennsylvania for whose health care providers it purchases products. Except for one outlier, all of those states are much more proximate to Tennessee than Pennsylvania.

In paragraph 14 of CST's Complaint, Plaintiff specifically lists ten (10) hospitals from which it is allegedly due payment for. The ten (10) hospitals all reside outside Pennsylvania in Tennessee (3), Florida (3), Texas (2), New Mexico (1), and Louisiana (1).

CSL solicited Intermed in Tennessee expressly to gain access to HealthTrust (Tennessee) and the distant territory containing hospitals for which HealthTrust purchases health care products. See Exhibit "A." See also Schedule B of the Agreement defining the "Territory, Markets /or Customers" as "HealthTrust GPO and All Associated IDN's" in Brentwood, Tennessee.

All records and documents for sales, solicitations, marketing, invoices, communications with customers and clients, and other evidence lie here in Tennessee other than CSL's electronic records. The vast majority of party witnesses reside in Tennessee. All potential non-party witnesses reside in Tennessee or in states much closer to Tennessee than Pennsylvania. No Intermed sales took place in Pennsylvania. There were no sales by Intermed to health care

providers in Pennsylvania.  CSL solicited Intermed in Tennessee to gain access to Tennessee corporation HealthTrust and to marketing territory in Tennessee and nearby states outside Pennsylvania.

Under every measure or test save the preference of Plaintiff, CST, a Pennsylvania Federal District Court is not the proper forum in which to adjudicate this matter.  Rather, the United States District Court for the Middle District of Tennessee is the proper forum. Judicial efficiency and public interests argue that the suits be consolidated in Tennessee, if the CST action even survives.

**C.  The CST complaint should be dismissed since the Plaintiff, CST, is not a party to the Agreement upon which the action is based and Plaintiff, CST, cannot state a claim upon which relief can be granted.**

The CST Complaint alleges that Intermed breached the Agreement attached thereto. The Complaint identifies CST as the Plaintiff. The CST Complaint fails to describe CST's corporate form (corporation, limited liability company, fictitious name, etc.). However, the operative Agreement identifies Camber Spine, LLC ("CSL") as a party to the Agreement. The Agreement does not mention Camber Spine Technologies ("CST") at all.

The CST Complaint does not allege that CST is CSL's successor or assignee to the rights and obligations of the Agreement. The CST Complaint, on its face, demonstrates that the real party in interest, CSL (the party to the Agreement), is not a party to the Pennsylvania action. The CST Complaint asserts damages in the form of allegedly unpaid balances on invoices listed in paragraph 14 thereof, damages that would purportedly be owed to CSL as a party to the Agreement. CST, the named Plaintiff, is owed no damages under the Agreement as CST is not a party to the Agreement.

A party who is not a party to a contract cannot be held liable for breach of the contract.  <u>QVC, Inc. v. Resultly, LLC</u>, 159 F. Supp. 3d 576, 583 (E.D. Pa. 2016). It follows that a

Plaintiff pursuing a breach of contract action must also be a party to the contract. In the Pennsylvania matter, Plaintiff CST is not a party to the Agreement attached to its Complaint. Accordingly, CST has not suffered any damages and cannot assert a claim upon which relief can be granted. The Complaint does not assert that CST is the successor or assignee of CSL's rights under the Agreement. CST is not the real party in interest and its Complaint should be dismissed.

## VI.
## CONCLUSION

In short, the Defendant, CST's, Motion should be denied because it cannot establish two of the three elements required to warrant application of the first-to-file rule. The Plaintiff in the Pennsylvania action is a different party and entity than the Defendant in this action. Therefore, the first-to-file rule is inapplicable and this motion should respectfully be denied.

Respectfully submitted,

**KLINE PRESTON LAW GROUP**

/s/ G. Kline Preston, IV, Esq.
G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37205
Tel: 615-649-8680
Fax: 866-610-9565
kpreston@klineprestonlaw.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was sent via email on this 9th day of November, 2022.

Ms. Jessalyn H. Zeigler
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: 615-742-6200
jzeigler@bassberry.com
*Attorney for Defendant*

<u>/s/ G. Kline Preston, IV, Esq.</u>
G. Kline Preston, IV, Esq.