IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERMED RESOURCES TN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00850 |
| v. | ) | |
| | ) | |
| CAMBER SPINE, LLC, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) | |

**MEMORANDUM**

This case involves a dispute arising out of an agreement between Plaintiff Intermed Resources TN, LLC ("Intermed") and Defendant Camber Spine, LLC ("Camber"). Pending before the Court is Camber's renewed motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania where an earlier-filed case involving the same parties and the same agreement is currently being litigated in *Camber Spine Technologies v. Intermed Resources TN, LLC*, Civil Action No. 2:22-03648 ("*Pennsylvania Action*"). (Doc. No. 17).

For the reasons stated herein, Camber's motion to transfer this action to the United States District Court for the Eastern District of Pennsylvania will be **GRANTED**.

**I.    BACKGROUND**

Camber and Intermed each claim that the other is liable for breach of the agreement between the parties. Camber filed suit in Pennsylvania on August 16, 2022. (*See* Doc. No. 7-1). Intermed filed this action approximately a month later. (Doc. No. 1-1). In October 2022, Camber moved to transfer this case to Pennsylvania, or, in the alternative, stay the proceedings

pending a ruling in the *Pennsylvania Action* on Intermed's motion to dismiss the *Pennsylvania Action* for lack of personal jurisdiction or transfer that case to this court. (*See* Doc. No. 6). The Court granted the motion to stay and denied the motion to transfer venue without prejudice to refiling following the Pennsylvania court's ruling on Intermed's motion. (Doc. No. 15).  On September 20, 2023, the Pennsylvania Court denied Intermed's motion to dismiss or transfer. (*See* Doc. No. 17 (attaching Order from the *Pennsylvania Action*)).

Camber now requests the Court grant its previously filed motion to transfer venue (Doc. No. 6) and transfer this case to the United States District Court for the Eastern District of Pennsylvania. The Court construed the request to grant the previously filed Motion to Transfer Venue as a renewed motion and ordered Intermed to respond. Intermed filed a response (Doc. No. 19) and amended response (Doc. No. 21), and Camber filed a reply (Doc. No. 22). The motion to transfer is now fully briefed and ripe for review.

## II.     ANALYSIS

Transfer of cases is governed by 28 U.S.C. §1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The Sixth Circuit has explained that district courts have broad discretion to determine when party convenience or the interest of justice make transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).  The burden of demonstrating transfer is warranted is on the moving party. *Means v. United States Conf. of Catholic Bishops*, 836 F.3d 643, 652, n.7 (6th Cir. 2016).

Factors relating to the convenience of the parties include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and

the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 62, n.6 (2013). Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id*. Courts are also to give some weight to the plaintiff's choice of forum. *Id*. (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citations and internal quotation marks omitted). The rule "encourages comity among federal courts of equal rank" and "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id*. (citing *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc*., 16 F. App'x 433, 437 (6th Cir. 2001) and *EEOC v. Univ. of Pa*., 850 F.2d 969, 977 (3d Cir. 1988)).

"[C]ourts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues and claims at stake." *Id*. The first-to-file rule applies when the parties and claims in the two actions "substantially overlap" even if they are not perfectly identical. *Id*. at 790-91. The claims should "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id*. at 791 (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). "If these factors support application of the rule, the court must also determine whether any equitable

considerations, such as evidence of inequitable conduct, bad faith, anticipatory suits, [or] forum shopping, merit not applying the first-to-file rule in a particular case." *Id*. (citation and internal quotation marks omitted).

As a threshold issue under 28 U.S.C. § 1404(a), the Court considers whether the proposed venue is a district where this action "might have been brought." Here, although Intermed disputes that Pennsylvania is an appropriate forum, there is no question that venue is proper in Pennsylvania based on Defendant Camber's residence. *See* 28 U.S.C. § 1391(b)(1). Moreover, the Court notes that the court in the *Pennsylvania Action* has ruled that Intermed is subject to personal jurisdiction in Pennsylvania.

The Court next considers the convenience of the parties. This factor is somewhat eclipsed by the pendency of earlier-filed litigation involving the same parties and the same subject matter in Pennsylvania. Nevertheless, Intermed argues that the convenience of the parties weighs against transfer because, other than Camber's electronic records, the documents and records are in Tennessee, and the majority of witnesses are in Tennessee or "in states much closer to Tennessee than Pennsylvania." Given that the parties are already engaged in litigation concerning the same subject matter in Pennsylvania, including claims and counterclaims, the Court is not persuaded that the location of witnesses and evidence in this overlapping matter has much bearing on the decision to transfer. Indeed, in its initial response to Camber's motion to transfer, Intermed argued that "[j]udicial efficiency and public interests" support consolidation of the cases. True, Intermed proposed the cases be consolidated in Tennessee. But its concession that the cases should be consolidated is telling. Under the circumstances, it is more convenient and less costly for the parties to proceed in a single forum. The interest of the public and the interests of justice weigh in favor of transfer for the same reasons.

4

The pendency of an earlier filed action and the prudential considerations of the first-to-file rule tilt the scale heavily in favor of transfer. As to the first factor – chronology of event – there is no dispute that the *Pennsylvania Action*, which was filed by Camber in Pennsylvania on August 16, 2022, is the first-filed case.

The second factor considers the similarity of the parties involved. Intermed argues the parties are distinct corporate entities because the plaintiff in the *Pennsylvania Action* is Camber Spine Technologies, whereas the defendant in this case is Camber Spine, LLC. Camber responded that the two names refer to the same company – Camber Spine is merely a fictitious name for the entity Camber Spine Technologies. (*See* Doc. No. 10-2 (registration of fictitious name)). In any event, the first-to-file rule considers the similarity of the parties, it does not require complete identity. *Baatz*, 814 F.3d at 790-91. Therefore, this factor supports transfer.

Finally, as to the last factor – similarity of the issues and claims at stake – there is no dispute that the claims arise out of the same agreement between the parties. Moreover, Intermed recently filed counterclaims in the *Pennsylvania Action*, making the overlap of issues and claims even more apparent. (*See* Doc. No. 22-1; *Pennsylvania Action*, Docket No. 21 (Nov. 7, 2023) ("COUNTERCLAIM against Camber Spine Technologies by INTERMED RESOURCES TN, LLC")).

In light of the foregoing, it is abundantly clear that this case should be transferred to the United States District Court for the Middle District of Pennsylvania.

### III. CONCLUSION

For the reasons stated, Camber's renewed motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania is **GRANTED**. (Doc. No. 17). An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE